United States District Court
Southern District of Texas
**ENTERED**
February 02, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIK GARCIA, | § § § |
| Plaintiff, | § |
| v. | §   CIVIL ACTION NO. H-23-2955 |
| | § |
| MVB REAL ESTATE INVESTMENT, LLC, | § § |
| | § |
| Defendant. | § § |

**MEMORANDUM AND OPINION**

This case arises under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. The defendant, MVB Real Estate Investments, LLC, moves to dismiss under Rule 12(b)(1). Based on the pleadings, the briefs, and the applicable law, the motion to dismiss is denied. The reasons are set out below.

**I.     Background**

The plaintiff, Erik Garcia, is a self-described "tester" of places of public accommodation for ADA compliance. (Docket Entry No. 1 at ¶ 6). He alleges that he is motivated to file lawsuits like this one by "a desire to . . . make Plaintiff's community more accessible for Plaintiff and others." (*Id.*).

Garcia alleges that he visited a business called "Munchies Juices & Fruit," which operated out of a retail space owned by the defendant, MVB Real Estate Investment, LLC. (*Id.* at ¶¶ 9, 11). He alleges he did so "as a customer and as an independent advocate for the disabled." (*Id.* at ¶ 16). He alleges that he "attempted to . . . access[] the Property in his capacity as a customer at the Property as well as an independent advocate for the disabled, but [he] could not fully do so because

of his disabilities resulting from [] physical barriers to access, dangerous conditions and ADA violations that exist at the Property." (*Id.* at ¶ 28). He alleges an intent to "visit the Property again in the very near future as a customer and as an independent advocate for the disabled." (*Id.* at ¶ 29). He alleges that he "has visited the Property at least once before as a customer and advocate for the disabled." (*Id.* at ¶ 14). He alleges he lives "only 2 miles from the Property." (*Id.* at ¶ 10).

MVB moves to dismiss Garcia's complaint under Federal Rule of Civil Procedure 12(b)(1). (Docket Entry No. 10). According to MVB, Garcia's failure to allege that he requested "actual modifications to the facilities of Defendant before filing the lawsuit" is fatal to his claim. (*Id.* at 1). MVB also argues that Garcia lacks standing because Munchies Juices & Fruit no longer operates out of MVB's retail space, "making it unlikely for plaintiff to return to the premises as a customer of 'Munchies.'" (*Id.* at 1–2).

## II. The Legal Standards

### A. Rule 12(b)(1) and Standing

A motion to dismiss under Rule 12(b)(1) calls into question the district court's subject-matter jurisdiction. A movant may demonstrate a lack of jurisdiction from (1) the face of the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). The party invoking the court's jurisdiction carries the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Federal courts have jurisdiction only over "cases" or "controversies." U.S. CONST. ART. III, § 2, cl. 1. To establish a "case or controversy," a plaintiff must show that he has standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Morgan v. Huntington Ingalls, Inc.*,

2

879 F.3d 602, 606 (5th Cir. 2018).  "The question of standing involves both constitutional limitations on federal-court jurisdiction and prudential limits on its exercise."  *Bennett v. Spear*, 520 U.S. 154, 162 (1997).  "The irreducible constitutional minimum of standing contains three elements:

> (1) The plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision.

*Morgan*, 879 F.3d at 606 (quoting *Lujan*, 504 U.S. at 560–61) (quotation marks omitted).

A plaintiff who seeks equitable relief must show that "there is a real and immediate threat of repeated injury."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).  "Merely having suffered an injury in the past is not enough; the plaintiff must show a 'real or immediate threat that the plaintiff will be wronged again.'"  *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 173 (5th Cir. 2018) (quoting *Lyons*, 461 U.S. at 111).

An ADA plaintiff may establish standing to seek prospective relief in two ways.  First, he may show that he "intends to return to the allegedly noncompliant public accommodation and therefore faces a real and immediate threat that []he will again be harmed by ADA non-compliance."  *Hunter v. Branch Banking & Tr. Co.*, 2013 WL 4052411, at *2 (N.D. Tex. Aug. 12, 2013); *see also D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008).  In assessing a plaintiff's "intent to return," courts consider the following four, non-exclusive factors: "(1) the proximity of the defendant's business to the plaintiff's residence, (2) the plaintiff's past patronage of the defendant's business, (3) the definitiveness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the defendant." *Hunter*, 2013 WL 4052411, at *2.  The second way an ADA plaintiff may establish standing is by showing that he "is continually injured by being deterred from making use of the allegedly noncompliant public accommodation."  *Id.*

"Just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a store suffers the ongoing actual injury of lack of access to the store." *Chapman v. Pier 1 Imports*, 631 F.3d 939, 950 (9th Cir. 2011) (internal quotation marks and citation omitted).

A so-called "tester" plaintiff may have standing to bring a Title III case. *Gilkerson v. Chasewood Bank*, 1 F. Supp. 3d 570, 596 (S.D. Tex. 2014); *Betancourt v. Federated Dep't Stores*, 732 F. Supp. 2d 693, 710 (W.D. Tex. 2010); *see also Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 273 (5th Cir. 2021) ("Laufer's assumed status as an 'ADA tester' does not absolve her of the need to show an injury in fact for standing purposes."). That the plaintiff was motivated in part to generate a lawsuit to bring a public accommodation into compliance with the ADA does not preclude a finding of standing. *Gilkerson*, 1 F. Supp. 3d at 596; *Betancourt*, 732 F. Supp. 2d at 710.

B.     **The Americans With Disabilities Act of 1990**

Title III of the ADA provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A "place of public accommodation" includes "a restaurant, bar, or other establishment serving food or drink." § 12181(7)(B). Title III specifically prohibits, among other things:

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, . . . where such removal is readily achievable; and
>
> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities,

>privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

§ 12182(b)(2)(A).

28 C.F.R. § 36.304, an implementing regulation promulgated by the Department of Justice, requires public accommodations to "remove architectural barriers in existing facilities, including communication barriers that are structural in nature, where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. § 36.304.

Title III of the ADA and its implementing regulations may be enforced by private action. 28 C.F.R. § 36.501; 42 U.S.C. §§ 12188, 2000a–3. A private plaintiff may obtain injunctive relief if he proves that a public accommodation "has engaged or there are reasonable grounds to believe that [it] is about to engage in" discrimination on the basis of disability. §§ 12188, 2000a–3. An ADA plaintiff need not "engage in a futile gesture if [he] has actual notice that" a public accommodation "does not intend to comply with" Title III. § 12188(a)(1).

### III.    Analysis

#### A.    Prior Notice

MVB argues that Garcia's ADA claim is barred as a matter of law because he did not give MVB notice and an opportunity to cure the alleged barriers to access before filing suit. MVB's argument is without merit because there is no pre-suit notice requirement under Title III. Congress tried to pass a bill that would create such a requirement, titled the "ADA Education and Reform Act of 2017." H.R. 620, COMMITTEE OF THE WHOLE HOUSE, 115TH CONG., SECOND SESSION, 1198-1200 (2018). Among other things, the bill "provides for a notice and cure period before the commencement of a private civil action." 164 CONG. REC. S1219-03, S1219 (2018). The bill passed the House of Representatives in February 2018, but has languished in the Senate ever since.

*Id.* The court cannot add to Title III a requirement that is not only not present in the text, but which is also the object of recent, unrealized legislative efforts.

### B.     Standing

MVB argues that "[t]he property formerly known as business 'Munchies' is vacated. Thus, Plaintiff will not be subject to any actual or imminent, concrete and particularized invasion of any interest." (Docket Entry No. 10 at 4). MVB includes in its brief a screenshot of an apparently empty retail space as evidence that Munchies no longer occupies the property. (*Id.* at 7). As further evidence that Garcia does not intend to return to the property, MVB asks the court to take judicial notice that Garcia has "filed more than seventy nearly identical lawsuits from November 2018 [to] November 2023." (*Id.* at 8). MVB's argument fails for two independent reasons.

First, Garcia has alleged that he intends to return to the property even if it is occupied by "other stores" besides Munchies. (Docket Entry No. 1 at ¶ 14). This allegation is plausible because Garcia alleges that he did not visit the property solely because he wanted to patronize Munchies, but also because he wanted to determine whether the property was ADA compliant and to "advocate for the disabled." (*Id.*). He alleges that his return visit will be for the same purpose. (*Id.*). Further, Garcia alleges that he lives only 2 miles from the property and has visited the property "at least once before." (*Id.* at ¶¶ 10, 14).

Second, MVB has presented no evidence that Munchies does not occupy the property. The screenshot inserted into MVB's brief is not evidence that the court can consider on a Rule 12(b)(1) motion to dismiss. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) ("If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials."). Accordingly, the court must limit

its consideration to the "sufficiency of the allegations in the complaint" and presume that they are true. *Id.*

## IV. Conclusion

The motion to dismiss is denied. (Docket Entry No. 10).

SIGNED on February 2, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge